## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **JAMES ARMSTRONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | **Civil Action File No.** |
| **STRICKLAND & SONS** | ) | |
| **PIPELINE, INC.** | ) | _2:17-cv-00271-RWS_ |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, James Armstrong (hereinafter "Armstrong"), by and through undersigned counsel, and files this lawsuit against Strickland & Sons Pipeline, Inc. (hereinafter "Strickland"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

The instant action arises from Strickland's violations of Armstrong's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Strickland which have deprived Armstrong of his lawful overtime and minimum wages.

2.

During the employment of Armstrong, Strickland violated the FLSA by failing to compensate Armstrong at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Strickland also violated the FLSA when it failed to pay Armstrong for his last three (3) days of work.

4.

Armstrong seeks unpaid overtime compensation for work performed, unpaid regular wages, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Strickland is subject to personal jurisdiction in this District.

## PARTIES

7.

Armstrong resides in Jackson, Georgia (within this District) and is a citizen of the United States.

8.

At all times material to this action, Armstrong was an "employee" of Strickland defined by § 203(e)(1) of the FLSA, and worked for Strickland within the territory of the United States.  Armstrong is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Strickland.

9.

At all times material hereto, Armstrong was a non-exempt "employee" of Strickland for the purposes of the FLSA.

10.

At all times material hereto, Armstrong handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and he was thus engaged in interstate commerce during his employment with Strickland.

11.

Strickland is a Georgia corporation with its principal office located at 1551 Fullenwider Road Gainesville, Georgia 30507.  Strickland regularly does business in the State of Georgia and may be served through its registered agent, Robert F. Strickland at 1551 Fullenwider Road Gainesville, Georgia 30507. At all times material hereto, Strickland was an "employer" of Armstrong for purposes of the FLSA.

12.

Strickland maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

13.

Strickland is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit.

14.

At all times material to this action, Strickland was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

15.

At all times material hereto, Strickland had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. Thus, Strickland was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce for purposes of the FLSA.

16.

At all times material hereto and upon information and belief, Strickland has produced at least $500,000 in annual gross volume of sales made or business done.

17.

The overtime provisions set forth in § 207 of the FLSA apply to Strickland.

## **FACTUAL ALLEGATIONS**

18.

From April 2016 until August 2017, Armstrong was employed by Strickland as a mechanic.

19.

From August 22, 2017 through August 24, 2017 (Armstrong's last three days of work), Strickland failed to pay Armstrong at all.

20.

At all times relevant hereto, Strickland docked Armstrong's pay if he took a day off of work.

21.

At all times relevant hereto, Armstrong was not responsible for managing any other employees.   Armstrong did not conduct any employees' reviews, schedules, vacation requests or warnings.

22.

At all times relevant hereto, Armstrong did not possess the authority to hire or fire other employees.

23.

At all times relevant hereto, Armstrong's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

24.

At all times relevant hereto, Armstrong did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

25.

At all times relevant hereto, Armstrong was a non-exempt employee for purposes of overtime compensation.

26.

While employed by Strickland, Armstrong was usually required to work in excess of forty (40) hours a week.

27.

During Armstrong's employment with Strickland, Strickland did not compensate Armstrong for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

28.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Armstrong are in the possession of Strickland.

## COUNT ONE: FLSA VIOLATION (OVERTIME)

29.

Armstrong re-alleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.

Strickland failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Armstrong.

31.

Strickland failed to meet the requirements for paying Armstrong at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

32.

Strickland is liable to Armstrong for compensation for any and all time Armstrong worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

33.

By its actions alleged herein, Strickland willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

34.

Strickland willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Armstrong in accordance with § 203 and § 207 of the FLSA.

35.

As a result of Strickland's violations of the FLSA, Armstrong has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

36.

As a result of Strickland's willful violations of the FLSA, Armstrong is entitled to liquidated damages.

**COUNT TWO: FLSA VIOLATION (MINIMUM WAGE)**

37.

Armstrong re-alleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38.

At all times relevant hereto, Armstrong was a non-exempt employee for purposes of the FLSA. Thus, Strickland was obligated to pay Armstrong at a rate not less than the minimum hourly wage of $7.25 per hour.

39.

By failing to properly pay Armstrong in accordance with § 206 of the FLSA, despite knowledge of Armstrong's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

40.

As a result of Strickland's willful violation of the FLSA's minimum wage provisions, Armstrong is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Armstrong at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

## COUNT THREE: BREACH OF CONTRACT

41.

Armstrong re-alleges and incorporates Paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.

Strickland agreed to pay Armstrong $1,200 per week.  Strickland refused to pay Armstrong for three (3) days that he worked from August 22, 2017 through August 24, 2017.

43.

By failing to pay Armstrong for each hour worked, Strickland breached its agreement with Armstrong

44.

As a result of Strickland' breach of contract, Armstrong is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## COUNT FOUR: ATTONREYS' FEES AND EXPENSES

45.

Armstrong re-alleges and incorporates paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

46.

Armstrong has retained undersigned counsel to represent him in this action and has incurred costs and reasonable attorneys' fees.

47.

Pursuant to 29 U.S.C. § 216(b), Armstrong is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

48.

Strickland has not made a good faith effort to comply with the FLSA with respect to its compensation of Armstrong.

49.

As a result of Strickland's unlawful acts, Armstrong has been deprived of overtime and minimum wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

WHEREFORE, Armstrong pursuant to § 216(b) of the FLSA, prays for the following relief:

(a)    that he be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

(b)    that he be awarded the costs and expenses of this action; and

(c)    that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 7th day of December, 2017.

COHAN LAW GROUP, LLC

*/s/ Louis R. Cohan*

_____

LOUIS R. COHAN
Georgia Bar No. 173357
ARIEL D. FENSTER
Georgia Bar No. 420858

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman
14-point font, one of the font and point selections approved by the Court in Local
Rule 5.1(C).

COHAN LAW GROUP, LLC

*/s/ Ariel D. Fenster*

_____

ARIEL D. FENSTER
Georgia Bar No. 420858