# Exhibit 1
# Filed Under Seal

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND GENERAL RELEASE OF CLAIMS

James Armstrong (hereinafter referred to as "Armstrong") and Strickland & Sons Pipeline, Inc. (hereinafter referred to as "Strickland & Sons") hereby enter into this Confidential Settlement Agreement and General Release of Claims (the "Settlement Agreement"). Armstrong and Strickland & Sons are hereinafter collectively referred to as the "Parties."

WHEREAS, Armstrong was employed by Strickland & Sons from April 2016 until August 2017;

WHEREAS, following the termination of Armstrong's employment, Armstrong claimed Strickland & Sons failed to compensate him for the time he worked in excess of forty (40) hours per week (hereinafter referred to as the "Dispute");

WHEREAS, Armstrong thereafter filed a lawsuit against Strickland & Sons in the United States District Court for the Northern District of Georgia, Gainesville Division, alleging the failure to properly pay him for all hours worked, including overtime, under the Fair Labor Standards Act and applicable contract law, with such lawsuit being identified as James Armstrong v. Strickland & Sons Pipeline, Inc. and assigned Civil Action File No. 2:17-cv-00271-RWS (hereinafter referred to as the "Lawsuit");

WHEREAS, Strickland & Sons timely filed an Answer in the Lawsuit, denying all of the allegations and claims asserted by Armstrong in the Lawsuit;

WHEREAS, Strickland & Sons denies and continues to deny all of the allegations and claims asserted by Armstrong in the Dispute and the Lawsuit, and nothing contained herein nor any payment made hereunder shall constitute an admission by Strickland & Sons of any liability to Armstrong whatsoever, and Strickland & Sons expressly denies any such liability whatsoever; and

WHEREAS, notwithstanding, the Parties desire to settle and resolve their disputes and all potential disputes arising out of or in any way related to Armstrong's employment with Strickland & Sons, including, without limitation, the Dispute and the Lawsuit.

NOW, THEREFORE, in consideration of the promises, covenants, and other terms set forth and referred to herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Lump Sum Settlement Payment.**

Strickland & Sons agrees to pay the total sum of Thirty Thousand and No/100ths Dollars ($30,000.00) within the time period and in the manner described below, in full accord and satisfaction of all of Armstrong's claims against Strickland & Sons, upon receipt of a fully executed Settlement Agreement and all appropriate tax forms. This lump sum Settlement Payment shall be made as follows:

   a. Strickland & Sons shall pay the amount of Seventeen Thousand Six Hundred Dollars and Zero Cents ($17,600.00) to Armstrong and shall report such payment as 1099 income to Armstrong; and

   b. The amount of Twelve Thousand Four Hundred Dollars and Zero Cents ($12,400.00) shall be paid to Cohan Law Group, LLC as attorneys' fees and litigation costs, to be reported by Strickland & Sons as 1099 income to Cohan Law Group, Inc.

Notwithstanding anything to the contrary contained in this Settlement Agreement, the two (2) payments described above shall be delivered to Cohan Law Group, LLC, so that they are actually received before 5:00 p.m. on the tenth (10th) business day following the Court's approval of the Parties' settlement as memorialized in this Agreement as executed by all Parties.

2. **Dismissal of Lawsuit.**

Within five (5) business days following the Court's approval of the Parties' settlement as memorialized in this Settlement Agreement, Armstrong agrees to approve and stipulate to a

Voluntary Dismissal with Prejudice of the Lawsuit which shall be held in trust by counsel for Strickland & Sons and not filed with the Court until all settlement funds have been delivered to Armstrong's counsel as set forth in Paragraph 1 above. Armstrong agrees that Strickland & Sons shall be permitted to file such Voluntary Dismissal immediately upon delivery of all settlement funds to Cohan Law Group, LLC as provided in Paragraph 1 above.

3. **No Other Claims or Future Compensation.**

Armstrong specifically acknowledges and agrees that the settlement payments set forth in Paragraph 1 above represent a fair and equitable settlement of any and all claims for damages or payments related to the Dispute and as set forth in the Lawsuit, that upon receipt of these monies he has been compensated for all wages (including overtime) owed to him by Strickland & Sons, and that he has no further claim for any wages, overtime, or other monies due or owing to him from Strickland & Sons.

Armstrong represents that he has not filed any charges, complaints, claims, demands, or lawsuits against Strickland & Sons other than the Lawsuit expressly set out in the introductory paragraphs to this Settlement Agreement. Armstrong covenants and agrees that he will not seek or accept, either directly or indirectly, any monies, wages, or benefits (or anything else of value) from Strickland & Sons in the future with regard to any employment-related matter, whether filed on behalf of Armstrong or any other similarly situated individuals. Armstrong further represents that he will not take action to solicit or encourage any other person to make, assert, or pursue any claim against Strickland & Sons, but understands that he is not prohibited from honestly responding or adhering to a valid and binding subpoena or court order or participating in an agency investigation and that nothing herein is intended to affect his Section 7 rights under the National Labor Relations Act.

4. **Release.**

a. In consideration of the payments described in Paragraph 1 above, Armstrong, on behalf of himself and his past, present, and future agents, representatives, attorneys, heirs, executors, administrators, successors, licensees, and assigns (hereinafter collectively referred to as the "Armstrong Releasors"), does hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit Strickland & Sons, and each of its past, present, and future parent companies, subsidiaries, affiliated entities, successors, predecessors, and assigns, and its and their past, present, and future officers, employees, agents, contractors, attorneys, insurers, successors, licensees, predecessors, and assigns (hereinafter collectively referred to as the "Strickland & Sons Released Parties"), from any and all actions, causes of action, suits, debts, claims, liens, and demands whatsoever, in law, in equity, or otherwise, whether known or unknown, which any of the Armstrong Releasors ever had, now have, or hereinafter can, shall, or may have against any of the Strickland & Sons Released Parties, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through and including the date on which Armstrong executes this Settlement Agreement, including, but not limited to, any and all claims related to Armstrong's employment with Strickland & Sons, the Dispute, and the Lawsuit.

b. In consideration of the general release of all claims set forth in Paragraph 4.a. above, Strickland & Sons, on behalf of itself and its past, present, and future parent companies, subsidiaries, affiliated entities, successors, predecessors, and assigns, and its and their past, present, and future officers (hereinafter collectively referred to as the "Strickland & Sons Releasors") does hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit Armstrong, his heirs and his attorneys (hereinafter collectively referred to as the "Armstrong Release Parties"), from any and all actions, causes of action, suits, debts, claims, liens, and demands whatsoever, in law, in equity, or otherwise, whether known or unknown, which any of the Strickland & Sons Releasors ever had, now have, or hereinafter can,

shall, or may have against any of the Armstrong Released Parties, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through and including the date on which Strickland & Sons executes this Settlement Agreement, including, but not limited to, any and all claims related to Armstrong's employment with Strickland & Sons, the Dispute, and the Lawsuit.

5. **Confidentiality.**

(a) Except as expressly set forth herein, the Parties' shall not disclose to any person or entity, directly or indirectly, the existence of any of the terms of this Settlement Agreement, including, without limitation, any of the payments set out in Paragraph 1 above, or any facts or other information relating to or in connection with the Parties' settlement or the negotiation and execution of this Settlement Agreement. Notwithstanding the foregoing, Armstrong may disclose the payments and/or other terms of this Settlement Agreement to his spouse, provided that she agrees to be bound by this confidentiality provision. Notwithstanding the foregoing, the Parties may disclose the payments and/or other terms of this Settlement Agreement (i) to the extent necessary to obtain bona fide financial planning, tax, accounting, or legal advice, provided that those to whom disclosure is made for such purpose(s) shall agree to and be bound by this confidentiality provision; and, (ii) as required by law or court order, provided that each party shall provide reasonable and sufficient notice to the other of such request or order prior to the time set for compliance so that the non-compelled party may timely take whatever action it deems appropriate. It is further agreed that the failure of Strickland & Sons to timely make the payments described in Paragraph 1 shall be a complete waiver of the protections set forth in this Confidentiality provision, and that upon such event, Armstrong shall be fully released from this Confidentiality provision.

(b) In response to a specific inquiry about Armstrong's disputes with Strickland & Sons, or the allegations and claims raised, or that could have been raised, in the Dispute or the Lawsuit,

the Parties agree that they will respond only that "the matter has been resolved." Armstrong acknowledges and agrees that he may make this statement only in response to a specific inquiry received.

(c) The Parties acknowledge and agree that this Confidentiality provision constitutes a material term of this Settlement Agreement.

6. **No-Employment or Future Contract.**

Armstrong confirms that he has no interest in employment with Strickland & Sons and understands that he is not eligible for reinstatement, rehire, employment of any kind with, or to otherwise provide services on behalf of Strickland & Sons or any of its subsidiaries or related entities. Armstrong agrees, as a condition of his receipt of any of the payments set forth in Paragraph 1 above, not to seek, apply for, or accept any such employment or work and acknowledges that Strickland & Sons and any subsidiary or related entity is under no obligation or duty to consider him for future employment or work in any capacity.

7. **Non-Admission.**

Nothing contained in this Settlement Agreement shall constitute or be construed to constitute an admission by Strickland & Sons or any other Strickland & Sons Released Party of the validity of any of Armstrong's claims or allegations, asserted or unasserted, in the Dispute, the Lawsuit and/or otherwise. This Agreement is entered into solely for the purpose of settling or resolving all disputes between the Parties and shall not constitute or be asserted by any Party to this Agreement to constitute evidence of the existence or non-existence, validity or invalidity, of any right, claim or obligation, except as expressly provided for herein, and then, only for the purposes of enforcement of (or defense against) claims under or pursuant to the terms of this Agreement.

8. **No Assignment of Claims.**

Armstrong hereby expressly warrants and represents that he is the owner of all claims released by him herein, and that he has not assigned or transferred or purported to have assigned or

transferred voluntarily or by operation of law or otherwise any of the claims released by him herein or any portion thereof. Armstrong further agrees that he will defend, indemnify and hold harmless Strickland & Sons and/or any and all of the Strickland & Sons Released Parties from any and all claims so assigned or transferred.

9.  **Non-Disparagement and Non-Contact.**

Armstrong agrees not to (i) disparage (either directly or indirectly through any agent) Strickland & Sons or any of the Strickland & Sons Released Parties orally or in writing, (ii) suggest to, request, or cause any third party to cease doing business with Strickland & Sons or any of the Released Parties; or (iii) do or say anything disparaging with the intent to damage Strickland & Sons' or the Strickland & Sons Released Parties' business relationships. For purposes of this Paragraph 9, disparaging comments include, but are not limited to, disparaging statements made to the media, in press interviews or statements or to any person, entity, newspaper, magazine, television, or radio station, website or blog, or in any posting to any website or blog. Nothing in this section shall preclude Armstrong from providing truthful information about his employment as may be required by law in response to a valid subpoena or court order or to a government agency in connection with any investigation it is conducting or may conduct.

Armstrong further agrees to have no further contact, directly or indirectly, whether in person, by telephone, email, or by any form of communication whatsoever, with present, future or former employees of Strickland & Sons concerning the business of Strickland & Sons and/or any events or circumstances that occurred during his employment with Strickland & Sons.

Strickland & Sons agrees to use reasonable efforts to instruct its officers and directors not to intentionally disparage Armstrong in the context of his business and professional activities.

10. **Tax Indemnity.**

In making the settlement payment in the amounts and manner specified in Paragraph 1 above, Strickland & Sons makes no representation whatsoever regarding the tax consequences or

liability arising from said payments. Armstrong agrees to bear and be responsible for all tax consequences attributable to him, if any, attendant upon the characterization of the payment recited in Paragraphs 1 a. and b. above, and agrees to hold Strickland & Sons and the Strickland & Sons Released Parties harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to characterization of the settlement payment to Armstrong and/or his counsel as set forth in Paragraphs 1 a. and b. above; provided, however, that nothing is this Paragraph 10 shall be deemed to place any responsibility on Armstrong or his counsel, by indemnity or otherwise, for any tax consequences or liability related to the employer's portion of any taxes and/or unemployment compensation arising from the settlement payments set forth in Paragraph 1 above. In the event either party receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Armstrong, Strickland & Sons or any of the other Strickland & Sons Released Parties, such party shall, after receipt of such written notice, notify the other party by letter to such other party's counsel of record as soon as reasonably possible.

11. **Entire Settlement Agreement.**

This Settlement Agreement represents the entire agreement and understanding between the Parties regarding Armstrong's employment with Strickland & Sons, the Dispute, and/or the Lawsuit. This Settlement Agreement supersedes any prior or contemporaneous written or oral communications or agreements between the Parties regarding the subjects hereof, and no amendment, modification, or waiver of this Settlement Agreement shall be valid unless in writing and signed by Armstrong and an authorized signer for Strickland & Sons. Armstrong represents and warrants that he has executed this Settlement Agreement without reliance on any statement or representation of fact or opinion by Strickland & Sons or any of the other Strickland & Sons Released Parties, except as expressly set forth herein.

12. **Compliance and Severability.**

In consideration of the monies paid to him herein, Armstrong represents and warrants that he will comply with all the terms of this Agreement. If any term or condition of this Settlement Agreement or the application thereof to any entity or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Settlement Agreement nor the application of such term or condition to any other entity or circumstance shall be affected thereby, and each remaining term or condition of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law.

Consequently, Armstrong agrees that he will not directly or indirectly challenge any paragraph of the Agreement as invalid or unenforceable, nor assert unenforceability as a defense to any claim for breach of this Agreement. Armstrong agrees that he will not act contrary to any paragraph of this Agreement, even if it is determined by any court to be illegal, invalid, or otherwise unenforceable, and understands that any such action by him found to be a material breach of the Agreement will result in a failure of consideration hereunder and Strickland & Sons shall be entitled to all rights and remedies at law or in equity, including immediate injunctive relief to preclude further breach. The prevailing party will be entitled to recover costs and fees incurred for any action necessary to enforce the terms of this Agreement.

13. **Execution of Agreement.**

This Agreement may be executed in two or more identical counterparts, which, when delivered, shall constitute one and the same instrument and shall be enforceable as if all Parties had executed a single document. To expedite the execution of this Agreement, it is agreed that the counterpart signatures may be transmitted via electronic means. It is further agreed that such electronic signatures shall be fully binding and the Agreement fully effective when signed in

counterpart by all Parties hereto. All Parties transmitting an electronic signature agree that within five (5) business days thereafter, they will transmit an originally signed counterpart signature page.

14. **Acknowledgment of Understanding.**

The Parties acknowledge that they have carefully read all the terms of this Settlement Agreement, have had an ample and reasonable opportunity to discuss it with their attorney of choice, have in fact discussed it with their attorney of choice, and sign the same with full knowledge that this Settlement Agreement contains **mutual general releases** from any legal action arising from Armstrong's employment with and cessation of employment from Strickland & Sons.

15. **Time is of the Essence.**

Time is of the essence as to every term and provision of this Agreement.

[SIGNATURES ARE ON THE FOLLOWING PAGE]

WHEREFORE, the Parties have executed this Settlement Agreement as of the date(s) set forth below.

_____
JAMES ARMSTRONG

Date Signed by Armstrong: 02-19-2018

Approved By:


_____
Louis R. Cohan
Cohan Law Group, LLC
3340 Peachtree Rd., N.E. Suite 2570
Atlanta, GA 30326
Phone: 404-891-1770
Email: lcohan@cohanlawgroup.com

*Counsel for James Armstrong*


**STRICKLAND & SONS PIPELINE, INC.**

By: _____
Print Name: Robert F. Strickland
Print Title: President

Date Signed by Strickland & Sons: 3/22/18

Approved By:


_____
Ann R. Schildhammer
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Phone: 678-336-7298
Email: aschildhammer@taylorenglish.com

*Counsel for Strickland & Sons Pipeline, Inc.*